IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID SCOTT HAMLIN, | : | Civil No. 3:20-cv-0336 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| MARK GARMAN, PENNSYLVANIA ATTORNEY GENERAL OFFICE, | : | |
| Respondents | : | |

## MEMORANDUM

On February 25, 2020, Petitioner David Scott Hamlin ("Hamlin"), filed the instant the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging convictions entered in the Court of Common Pleas of Dauphin County, Pennsylvania in 2015. (Doc. 1). Because it appeared that the petition may be barred by the statute of limitations, in accordance with *United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*), on April 3, 2020, the Court directed the parties to address the timeliness of the petition and any applicable statutory and/or equitable tolling of the statute of limitations. (Doc. 5). Respondents filed their response on April 28, 2020. (Doc. 6). Petitioner has not replied. The petition is ripe for disposition and, for the reasons set forth below, will be dismissed as untimely.

I.  **Background**

In 2015, Hamlin was charged in the Court of Common Pleas of Dauphin County in Criminal Case CP-22-CR-1435-2015 with failure to register as a sex offender and failure to verify his address and be photographed. (Doc. 6-2, p. 2). On August 27, 2015, he pled guilty to both charges. (*Id.* at 15). That same day, the trial court sentenced him to an aggregate 3 to 6 years in prison and required him to comply with all the requirements set forth in Megan's Law, which had been replaced by the Sex Offender Registration and Notification Act ("SORNA"). (*Id.*). He did not file a direct appeal.

On September 25, 2017, Hamlin filed a Post Conviction Relief Act ("PCRA") petition pursuant to 42 PA. CONS. STAT. §§ 9541-46, which the PCRA court dismissed as untimely on August 31, 2018. (*Id.* at 6, 9). On appeal, the Pennsylvania Superior Court found "[b]ecause Hamlin's PCRA Petition is time-barred, both the PCRA court and this Court lack jurisdiction to review it." *Commonwealth v. Hamlin*, No. 1640 MDA 2018, 2019 WL 2564129, at *4 (Pa. Super. Ct. June 20, 2019); Doc. 6-11). The Pennsylvania Supreme Court denied his Petition for Allowance of Appeal on December 31, 2019. *Commonwealth v. Hamlin*, 222 A.3d 751 (Pa. 2019).

Hamlin filed the instant petition on February 25, 2020.

II. **Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

The state court sentenced Hamlin on August 27, 2015. He failed to pursue a direct appeal. Hence, on September 26, 2015, after the expiration of the thirty days allotted to pursue a direct appeal, in accordance with 28 U.S.C. § 2244(d)(1)(A), his judgment of sentence became final. The one-year AEDPA statute of limitations period commenced

3

running as of that date and expired one year later, on September 26, 2016. Therefore, the present petition, filed on February 25, 2020, is patently untimely.

Significantly, the limitation period is not "an inflexible rule requiring dismissal whenever AEDPA's one-year clock has run." *Day v. McDonough*, 547 U.S. 198, 208 (2006). "Instead, the limitation period is subject to both statutory and equitable tolling." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013).

### A.    Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000).

Hamlin filed his PCRA on September 25, 2017, a full year after the statute of limitations expired. Because he filed this petition well after the AEDPA statute of limitations expired, it does not operate to toll an already expired statute of limitations. *See Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004) (finding that petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, *inter alia*, "the limitations period had already run when it was filed"). Further, case law is clear that Hamlin's untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. *See Pace*

*v. Diguglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)."). *See also Merritt v. Blaine*, 326 F.3d at 167-68. Consequently, statutory tolling cannot rescue Hamlin's untimely petition.

### B. Equitable Tolling

Equitable tolling stops the clock when extraordinary circumstances prevent a petitioner from timely filing, thereby rendering strict enforcement of the one-year limitations period unfair. *Wood v. Milyard*, 566 U.S. 463, 469 n.3 (2012); *see also Holland v. Florida*, 560 U.S. 631 (2010). "Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 at 418.

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In his petition, Hamlin does invoke equitable tolling. In fact, he states that the "statute of limitations timeline is properly before this jurisdiction pursuant to 28 U.S.C. § 2244(d)." (Doc. 1, p. 13). And he provides no response to the Court's Order directing the parties to address the timeliness of the petition.

Notably, even had Hamlin successfully convinced this Court that he diligently pursued his rights, there simply is no evidence that there existed extraordinary circumstances that obstructed his pursuit of relief in either state or federal court. There is no indication that he was actively misled, that he was in some extraordinary way prevented from asserting his rights, that he timely asserted his rights mistakenly in the wrong forum, or

that he was misled by the court regarding the steps that he needed to take to preserve his claims. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III.    Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

7

## IV.     Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

A separate Order shall issue.

Dated: May 22, 2020

Robert D. Mariani
United States District Judge